UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Maksim Valentinovich Demikh,

        Defendant,

**MEMORANDUM OPINION AND ORDER**

Crim. No. 15-cr-113(2) (MJD/HB)

_____

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Maksim Valentinovich Demikh, pro se.

_____

      This matter is before the Court on (1) Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Doc. 186) and (2) Emergency Motion for Reduction in Sentence Under 18 U.S.C. § 3582 (Doc. 192).  Because the Court is addressing the two motions in one order, the Court may discuss evidence submitted in support of one motion when discussing the other motion.  Defendant bears the burden to establish he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Ocanas, 516 F. Supp. 3d 936, 938 (D. Minn. 2021) (citing Jones, 836 F.3d at 899).

1

**I.     Background**

On November 19, 2015, Defendant was found guilty by a jury of (1) aiding and abetting bank robbery under 18 U.S.C. §§ 2113 (a) and (d) and (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). (Docs. 146, 171 at 372.) On August 8, 2016, Defendant was sentenced to a term of 141 months of imprisonment, which consisted of 57 months on Count 1 to be served consecutively to Count 2, and 84 months on Count 2, to be served consecutively to Count 1. (Doc. 146 at 2.) Defendant was also sentenced to five years supervised release on each count, to be served concurrently. (Id. at 3.) He is currently serving his sentence at FCI Victorville Medium II in California. Find an inmate, https://www.bop.gov/inmateloc/ (last accessed July 7, 2022). He has a projected release date in March 2025. Id.

**II.    Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10**

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" after consideration of the § 3553(a) factors. United States v. Koons, 850 F.3d 973, 976 (8th Cir. 2017), aff'd, 138 S. Ct. 1783

2

(2018).  U.S.S.G. § 1B1.10 is a policy statement that provides guidance regarding "reduction in term of imprisonment as a result of amended guideline range."

Neither of these provisions apply to Defendant.  The provisions of the Sentencing Guidelines and United States Code upon which Defendant relies apply to defendants seeking resentencing for drug offenses.  In April 2014, the Sentencing Commission adopted Amendment 782, which reduced the guidelines applicable to certain federal drug offenses.  On July 18, 2014, the Commission determined that the new guidelines should be applied retroactively, effective November 1, 2014.  U.S.S.G. § 1B1.10.  Therefore, even if Defendant had been sentenced for a drug crime, he was sentenced long after the relevant amendment was adopted.  Defendant cites no other amendment that could provide a basis for a sentence reduction.  Instead, he relies on his rehabilitation efforts, which is not a proper basis for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.[1]  This motion is denied.

---

[1] Defendant's alleged rehabilitation is also not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. . . . [T]here is nothing 'extraordinary

### III.   Emergency Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant requests immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) so he can return to his native Ukraine to join the fight against "foreign aggression" and to "care for [his] motherland sick with imperialist occupation." (Doc. 192 at 2.)  The Government opposes the motion because Defendant has not exhausted his administrative remedies and because even if the motion was properly before the Court, Defendant's desire to fight for Ukraine is not a basis for compassionate release.  (Doc. 194 at 1.)  Defendant was born in Ukraine, is a lawful permanent resident of the United States, and is likely to be deported once he completes his current term of imprisonment.  (PSR ¶¶ 87, 90, 95.)

### A.   Applicable Law

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court, upon motion of the Director of the Bureau of Prisons, or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

and compelling' about a prisoner who simply does the things that prisoners are supposed to do.").

4

whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement is set forth in U.S.S.G. § 1B1.13,[2] which provides that when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. 1B1.13.   The comments to U.S.S.G. § 1B1.13 list limited circumstances that constitute "extraordinary and compelling circumstances."   Relevant here are extraordinary and compelling circumstances

---

[2] U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). However, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085–86 (D. Minn. 2020) (finding that part of § 1B1.13 that states "[u]pon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applies factors set forth in § 1B1.13 to motions brought by a defendant under § 3582(c)(1)(A)).

based upon the death or incapacitation of a defendant's minor children's caregiver or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" as extraordinary and compelling family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(C).  Defendant relies on these very limited circumstances to support his request for a reduced sentence, arguing that his "debilitated loved one" is his country, "which subsumes family."  (Doc. 192 at 2.)

**B.     Analysis**

The Government first argues that the Court does not have jurisdiction over this motion because Defendant did not exhaust his administrative remedies as required under § 3582(c)(1)(A).  Defendant submitted no evidence that he ever requested compassionate release from his warden based on a desire to fight for Ukraine.[3]   In his reply to the Government's response, however, Defendant provided a request for compassionate release that he submitted to the Warden of FCI Victorville on March 9, 2022.  (Doc. 196-1.)  There is no indication that the Warden has acted on Defendant's request.  Defendant did not wait the required

---

[3] The Government notes that Defendant filed a request for compassionate release with his warden on February 16, 2021 that was denied on March 25, 2022. (Gov. Ex. 1.)  This request did not mention a desire to fight for Ukraine.

thirty days to file his motion with this Court. He admits that he filed his motion only ten days after he submitted his request to the Warden. (Doc. 192 at 3.) Therefore, Defendant has not complied with the requirements of § 3582(c)(1)(A).

Even if Defendant had exhausted his administrative remedies or waited an additional 20 days to file his motion in the absence of BOP action, his desire to fight for Ukraine, while commendable, is not a basis for compassionate release. Although Defendant states he has language skills needed by Ukrainian resistance forces, Defendant's ability to speak English, Ukrainian, and Russian is not necessarily unique in Ukraine. <u>See</u> Mansur Mirovalev, <u>Language in Ukraine: Why Russian vs. Ukrainian Divides so Deeply</u> (Aug. 17, 2021), Christian Science Monitor, https://www.csmonitor.com/World/Europe/2021/0817/Language-in-Ukraine-Why-Russian-vs.-Ukrainian-divides-sodeeply#:~:text=Ukrainian%20and%20Russian%20are%20linguistic,the%20speakers%20of%20each%20language (last accessed July 8, 2022). Defendant also states he can fly light aircraft but provides no documentation for this statement. In addition, Defendant avers that his "warehousing and distribution" skills would be helpful to the war effort. (Doc. 192 at 2.) Although Defendant worked in a paper warehouse in 2012 (PSR ¶ 108), the Court does not find this is the type of skill that is in high demand in

Ukraine's current war effort, such as medical and military skills. (See id. ¶¶ 104, 106 (Defendant has a GED and no military training).)

The Government also notes obvious logistical issues with Defendant's desire to travel to Ukraine at this time including that he would require a passport, money, and other equipment to make such a journey. (Doc. 194 at 10.) Defendant would find obtaining these things difficult, if not impossible, because upon his release from prison he will likely be placed in immigration proceedings, which "could place severe constraints on his ability to travel at all." (Id.)

Moreover, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). Although Defendant provides evidence of courses he completed in prison as evidence of rehabilitation, he makes no arguments stating he is remorseful or accepts responsibility for the actions constituting his crimes of conviction. (Doc. 186.) Defendant says he was "young, lost, and addicted to drugs" when he committed his crimes, but asserts that his criminal history consisted mostly of traffic tickets. (Doc. 188.) He also challenges whether committing a crime with a BB gun should be considered a crime of violence. (Id.) In his request for compassionate release, filed with the BOP in February 2021, Defendant stated that the bank robbery was "wrong," yet continued to state that

8

he was "talked into" and "coerced" into committing the crime and insisted that the robbery was not a crime of violence. (Doc. 195 at 2.) Defendant has failed to demonstrate that he is no longer a danger to the community. Defendant was convicted of a serious offense that involved entering a bank along with an accomplice and brandishing what appeared to be a pistol (an airsoft gun) at tellers. Almost eighteen months later, the tellers were both still experiencing anxiety. (PSR ¶¶ 22-23.) One of the tellers quit her job due to anxiety. (Id. ¶ 23.) A sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a). Specifically, a sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law, or provide a just punishment for Defendant. This motion is denied.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

(1) Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 **(Doc. 186)** is **DENIED**; and

(2) Defendant's Emergency Motion for Reduction in Sentence Under 18 U.S.C. § 3582 **(Doc. 192)** is **DENIED**.

Date: July 8, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court
